# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE             )
                                          )
        v.                     )   ID No. 0210012072
                                            )
ISAIAS ORTIZ,                  )
                                          )
      Defendant.        )

Submitted: May 30, 2023
Decided: June 6, 2023

*Upon Defendant Isaias Ortiz's Motion for Correction of an Illegal Sentence Under Rule 35(a),*
**DENIED.**

## ORDER

Isaias R. Ortiz, *pro se*, Smyrna, Delaware.

John S. Taylor, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State.

**WHARTON, J.**

This 6th day of June 2023, upon consideration of the Motion for Correction of Illegal Sentence Under Superior Court Criminal Rule 35(a) filed by Defendant Isaias Ortiz;[1] the State's response,[2] the parties supplemental submissions and the record in this case, it appears to the Court that:

1.  Isaias Ortiz ("Ortiz") is before the Court with his third motion under Rule 35(a) asking the Court to correct what he claims is an illegal sentence. Ortiz was found guilty by a jury on October 3, 2003 of serious drug offenses and other charges. His sentences relevant to this motion as recorded on the Sentence Order are: (1) on the charge of trafficking in cocaine > 100 grams – "20 year(s) at supervision level V. This is a mandatory sentence pursuant to DE164753AA2CFB"; on the charge of trafficking in cocaine 5-50 grams – "15 year(s) at supervision level V. This is a mandatory sentence pursuant to DE164753AA2AFB"; and on the possession with intent to deliver charge ("PWID") – "20 years at supervision level V. The first 15 years of this sentence is a mandatory term of incarceration pursuant to DE164751000AFB."[3]

---

[1] D.I. 109.

[2] D.I. 112.

[3] The Court understands code citations DE164753AA2CFB, DE164752AA2AFB, and DE164751000AFB refer to 16 *Del. C.* § 4753A(a)(2)c, 16 *Del. C.* §4753A(a)(2)a, and 16 *Del. C.* § 4751, respectively, with the letters "FB" designating the charges as a class B felonies.

2.    In his first Rule 35(a) motion, Ortiz argued that his sentence on the PWID charge of 20 years at Level V with the first 15 years of this sentence being a mandatory term pursuant to 16 *Del. C.* § 4751(a) was an illegal sentence because it exceeded the statutory maximum for a class C felony.[4]  That motion was denied by the Court on February 15, 2017 because statutory maximum penalties are inapplicable to enhanced sentences.[5]  Ortiz did not appeal that decision.

3.    Ortiz's second motion for correction of an illegal sentence was granted in part and denied in part on August 26, 2021.[6]  Specifically, the Court granted Ortiz's motion with respect to his eligibility for good time credits, but denied it with respect to the length of his sentence above the statutory minimum mandatory sentence and his status as an addict/non-addict.[7]  Regarding Ortiz's objection to being sentenced as a prior offender on the PWID charge, the Court granted the State additional time to determine whether Ortiz's out of state drug conviction was a felony or misdemeanor for enhanced penalty purposes.[8]  The State submitted records from the State of New York purporting to show that an individual named Fredi Rosaio was convicted of a drug felony.[9]  The State contended that Fredi Rosaio was

---

[4] D.I. 73.
[5] D.I. 76.
[6] D.I. 90.
[7] *Id.*
[8] *Id.*
[9] D.I. 98.

3

an alias for Ortiz and represented that Rosaio and Ortiz have the same FBI identification numbers.[10] The Court permitted Ortiz the opportunity to submit any response to the State's submission that he wished the Court to consider.[11] Ortiz responded, pointing out that no alias was listed for him in the Department of Corrections Records Department, on his sentencing order, or on his DELJIS Department of Justice charge summary, but did not deny that he and Fredi Rosaio were one and the same.[12] The Court treated the State's contention that Ortiz and Rosaio were the same person as unopposed, found that Ortiz was subject to the enhanced penalties as a subsequent felony drug offender on the PWID charge, and denied the balance of his motion.[13] That denial was affirmed by the Delaware Supreme Court.[14]

4. In now his third attempt to persuade the Court that his sentence was illegal, Ortiz argues that: (1) his two trafficking sentences "are illegal because the sentencing court omitted the mandatory-minimum term mandate to be imposed pursuant to Title 16 Del. C. § 4753A(a)(2)(a) and (c);"[15] and (2) that his PWID sentence is illegal because PWID "under Title 11 DEL. C. § 4205(b)(3) is a class C

---

[10] D.I. 100.
[11] D.I. 101.
[12] D.I. 102.
[13] D.I. 103.
[14] *Ortiz v. State,* 2023 WL 380362 (Del. Jan. 24, 2023).
[15] D.I. 109 at 4-5.

4

felony that only mandate a sentence of up to 10 years level 5, and no mandatory – minimum."[16] With respect to the former contention, the Court understands Ortiz to be arguing that his trafficking sentences are illegal because the sentencing court did not state what portions of his sentences were the statutorily mandated minimum-mandatory portions. With respect to the latter contention, he argues that the Delaware Supreme Court incorrectly stated the range of penalties he faced on the PWID charge as between a 15 year minimum-mandatory sentence up to 99 years in prison.[17] He claims the correct range should have been 30 to 99 years with a minimum-mandatory period of 15 years.[18] Because the trial court did not conduct a hearing pursuant to 11 *Del. C.* § 4215(a) to determine his status as a prior offender, it improperly enhanced his sentence, treating the PWID charge as a class B felony.[19] If the trial court had properly enhanced his sentence, 16 *Del. C*. § 4763(a)(3) would have required it to sentence him to a minimum of 30 years, 15 of which would have been a minimum-mandatory sentence up to a maximum of 99 years.[20] Ortiz concludes that the trial court did not impose the correct enhanced sentence, because it failed to follow the procedure set out in § 4215(a), resulting in the sentence it did

---

[16] *Id.* at 6.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 6-7.
[20] *Id.* at 7-8.

5

impose being an illegally enhanced sentence.[21] Further, Ortiz contends that there is an inconsistency between his sentence Order and the transcript of his sentencing hearing.[22] Finally, he argues that his Offender Status Sheet does not reflect his correct sentence.[23]

5. On April 20, 2023, the Court directed the State to respond to Ortiz's motion.[24] The State submitted its response on May 3rd.[25] On May 11th, the Court solicited the parties positions on the applicability, if any, of *Fennell v. State*[26] on the issue of Ortiz's sentence enhancement.[27] On May 17th, the Court received a document entitled "Rule 35(a) Motion Defendant Reargument" dated May 15th.[28] Because the filing does not address *Fennell* and because it is dated only four days after the Court's May 11th letter was mailed to Ortiz, the Court assumes this document is intended as an unsolicited reply to the State's response.[29] The State

[21] *Id.*
[22] *Id.* at 9.
[23] *Id.* at 10.
[24] D.I. 110.
[25] D.I. 112.
[26] 2006 WL 1950215 (Del. 2006).
[27] D.I. 113.
[28] D.I. 114.
[29] *See,* the Court's letter to Ortiz dated May31, 2023, D.I. 117.

responded to the Court's *Fennell* inquiry on May 17th.[30] Ortiz responded to that inquiry on May 30, 2023.[31]

6. Prior to the trial court sentencing Ortiz, there was some discussion between the court and counsel about the amount of minimum-mandatory time the court was required to impose.[32] All parties agreed that the court was required to impose at least a 33 year minimum-mandatory sentence – 15 years on the more serious trafficking charge, 3 years on the less serious trafficking charge, and 15 years on the PWID charge as a result of an enhancement due to a prior conviction.[33]

> THE COURT: He's subject to a minimum mandatory of 15 on the –
>
> MR. FIGLIOLA: Yes, your Honor. He's actually, by my calculations, he's facing up to 148 years in jail, 33 of which is minimum mandatory, and we're just asking that the State – that the Court impose the minimum mandatory sentence.
>
> THE COURT: Is he subject to the lesser of the trafficking penalty?
>
> MS. KELSEY: Your Honor, he was convicted, if you remember from the trial, there was cocaine –
>
> MR. FIGLIOLA: And heroin.
>
> MS. KELSEY: -- in the house where they were selling it and there was over 100 grams in his residence.

---

[30] D.I. 116.
[31] D.I. 115.
[32] Tr. Sentencing Hr'g., Dec. 19, 2003 at 3-6.
[33] *Id.*

7

THE COURT: Yes. There was over 100 grams and the second trafficking is 5 grams or more, and –

MS. KELSEY: There's a three year minimum mandatory.

THE COURT: The presentence report says two. That's why I asked.

Is this the old trafficking?

MR. FIGLIOLA: Right. It's the old trafficking.

MS. KELSEY: It is the old trafficking and then he has a prior possession with intent to deliver and he was convicted of possession with intent to deliver.

And under the old statutes –

THE COURT: 100 grams or more is 5; right?

MS. KELSEY: No, it's 15.

MR. FIGLIOLA: 15, your Honor. 50 to 100 is 5.

THE COURT: I was trying to think, 33, 15, plus 3.

MR. Figliola: And 15 on the possession with the intent to deliver.[34]

When asked if there was anything he wished to say, Ortiz replied, "Nope."[35] In announcing its sentence, the trial judge stated:

> As to IN02-11-0176, Trafficking in Cocaine greater than 100 grams, Pay the costs and the fine in the amount of, it looks like $400,000, all of which I'm suspending, and effective October 18, 2002 you're placed in the custody of the Department of Corrections for 20 years at Supervision Level 5.

---

[34] *Id.* at 3-4.
[35] *Id.* at 6.

As to IN02-11-0177, Trafficking in Cocaine between 5 and 50 grams, you're to pay a fine in the amount of $50,000, costs; costs and fine are all suspended; and you're placed in the custody of the Department of Corrections for 15 years.

As to IN02-11-0178, Possession with the Intent to Deliver, which is subject to a 15-year minimum mandatory, you are to pay costs and a fine in the amount of $5,000, all of which is suspended, and you are placed in the custody of the Department of Corrections for 20 years, 15 of which is a mandatory sentence.[36]

Although the trial judge did not make mention of any minimum-mandatory portion of the sentences he imposed for the trafficking charges, as noted above, the Sentence Order described those sentences as "mandatory."[37] Based on the Sentence Order, Ortiz's Offender Status Sheet lists his sentences for the trafficking charges as "mandatory min."[38]

7. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time. A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory,

---

[36] *Id.* at 8-9.
[37] D.I. 25.
[38] Ex. D, D.I. 109.

omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[39]

8. In Ortiz's most recent appeal, the Delaware Supreme Court noted that "Ortiz's assumption that his trafficking sentences (20 years and 15 years, respectively) were imposed as minimum-mandatory terms is incorrect."[40] Under the statutes then in effect, and as discussed at sentencing, Ortiz faced an aggregate minimum-mandatory sentence of 33 years – 15 years for the more serious trafficking charge, 3 years for the less serious trafficking charge, and 15 years for PWID.[41] As to each trafficking sentence, the sentencing judge imposed a sentence in excess of the minimum-mandatory sentence, but within the statutory limits.[42] In other words, Ortiz received a sentence of 5 years in excess of the 15-year minimum-mandatory sentence for the more serious trafficking charge and 17 years in excess of the minimum-mandatory sentence on the other trafficking charge.

9. The Court finds no merit in Ortiz's contention that his trafficking sentences were illegal because the sentencing judge did not specify the minimum-mandatory portions of those sentences. Those minimum-mandatory sentences were required to be imposed, they were discussed at sentencing, and Ortiz has suffered no

---

[39] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[40] 2023 WL 380362 at *2.
[41] *Id.*
[42] *Id.*

10

harm from the sentencing judge's failure to specify them either at sentencing or in the Sentence Order. Nevertheless, the Inmate Status Sheet incorrectly appears to assign minimum-mandatory status to the full amount of Ortiz's sentences for the trafficking charges. For that reason, and to eliminate any further confusion, the Court will issue a modified sentencing order specifying the amount of each trafficking sentence subject to a minimum-mandatory term.

10. When Ortiz committed PWID, the statutory range of punishment for a defendant who previously had been convicted of possession with intent to deliver a Schedule I or II narcotic drug was a minimum term of imprisonment of 30 years and a maximum of 99 years, with 15 years of the minimum term being a minimum-mandatory term of imprisonment.[43] The sentence the trial court imposed – 20 years imprisonment with the first 15 years being a minimum-mandatory sentenced – while within the statutory range, failed to provide for the minimum sentence of 30 years. The sentencing court should have imposed a sentence of 30 years imprisonment suspended after 20 years with the first 15 years being a minimum-mandatory sentence. Were the Court to correct that sentence, Ortiz would receive an additional 10 years of suspended incarceration. Absent an application the make that correction, however, the Court will not disturb the original sentence now.

---

[43] *Ortiz v. State,* 2023 WL 380362, at n.3 (Del. Jan. 24, 2023).

11.     When, as here, it appears that a defendant is eligible for a sentencing enhancement in excess of the maximum punishment for the charge as a result of a prior conviction, 11 *Del. C.* § 4215(a) provides that:

> [T]he court shall fully inform the defendant as to such previous conviction or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions…If the defendant shall stand silent or if the defendant shall deny the previous conviction or convictions, the defendant shall be tried upon the issue of the previous conviction.[44]

The sentencing transcript shows that the sentencing court "did not fully inform [Ortiz] as to such prior conviction," nor did it call upon him to admit or deny the previous conviction.[45] Nonetheless, the State submits that the requirements of § 4215(a) were satisfied based on the comments of Ortiz's attorney at sentencing which included an implicit concession based on a mathematical calculation.[46]

---

[44] 11 *Del. C.* § 4215.

[45] Tr. Sentencing Hr'g. Dec. 19, 2003, at 2-11.

[46] D.I. 112, at 2. "The defendant's counsel, on the record, admitted that 'by my calculations, he's facing up to 148 years in jail, 33 of which is minimum mandatory…' Def. Ex. 3, Sentencing Transcript, at p. 3. A similar admission was made shortly thereafter, where the defendant's counsel admitted the correct minimum-mandatory sentence of '[a]nd 15 years on the possession with intent to deliver.' *Id.* at p. 4. There is no dispute, and the Supreme Court has found, that that the minimum-mandatory sentences for trafficking offenses were 15 years and 3 years. Defendant's counsel's math implicitly concedes the prior conviction because it concedes a 15 year minimum-mandatory on the PWID charge, which was only operative in the event of a qualifying prior conviction. *See* 16 *Del. C.* § 4763(a)(2) (2002)."

12. Both parties responded to the Court's solicitation regarding the applicability of *Fennell*. Not surprisingly, the Sate argues that *Fennell* is directly on point and bars relief,[47] while Ortiz contends it has no relevance.[48]

13. Under Rule 35(a), the "Superior Court may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Under Rule 35(b), a motion for reduction of sentence must be filed within 90 days of the imposition of the sentence. In *Fennell*, Fennell claimed that his 30-year level V sentence for a drug delivery conviction was illegal because the State did not prove at a hearing that he had been previously convicted of a drug felony, and thus subject to an enhanced penalty.[49] The Delaware Supreme Court noted that while Fennell claimed that his sentence was illegal, in fact, he was complaining that it was imposed in an illegal manner.[50] Accordingly, it applied the 90-day time limitation of Rule 35(a) and affirmed the Superior Court's denial of his Rule 35(a) motion.[51] Similarly, despite Ortiz's characterization of his effort here as one to correct an illegal sentence, in fact, he also is complaining that his sentence was imposed in an illegal manner, *i.e.*, the manner for determining sentencing enhancements prescribed by § 4215(a)

---

[47] D.I. 116.
[48] D.I. 115.
[49] *Fennell,* at *1.
[50] *Id.* at n. 5.
[51] *Id.* at *1.

13

was not followed. Ortiz's Motion which was filed on April 12, 2023 clearly is untimely given his sentencing date of December 19, 2002. While Rule 35 provides that the Superior Court may consider an untimely motion in "extraordinary circumstances," Ortiz has alleged no such circumstances in this case. Certainly, none exist as to the fact that he was previously convicted of an enhancing felony as it appears that he has been convicted of several.[52]

**THEREFORE,** Defendant Isaias Ortiz's Motion Correction of Illegal Sentence is **DENIED.** Nonetheless, the Court will issue a modified sentence order specifying that the first 15 years of the sentence in IN02-11-0176, trafficking in cocaine in excess of 100 grams, is a minimum-mandatory sentence and that the first 3 years of the sentence in IN02-11-017, trafficking in cocaine between 5 and 50 grams, is a minimum-mandatory sentence. Ortiz's sentence in IN02—11-0178,

---

[52] The presentence report lists without documentation the following out of state drug convictions: (1) September 7, 1995, Providence, Rhode Island: Possession of Heroin – 3 years' probation; (2) August 10, 1995 Providence, Rhode Island: Manufacture/Deliver Heroin – 5 years level 5; (3) March 3, 1995 Queens County Superior Court, New York: Criminal Possession of a Narcotic (3 counts) 1 to 3 years level 5 on each count; Criminal Possession of a Controlled Substance – 1 year level 5; and (3) Kings County Superior Court, New York: Criminal Possession of a Controlled Substance – 1 year level 5. In response to Ortiz's second Rule 35(a) motion, the State provided the Court with certified copies of the Queens County convictions. D.I. 98.

14

possession with the intent to deliver cocaine is unchanged.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.